**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50034 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-00297-ABC |
| v. | |
| AKHIR MUHAIMIN WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Akhir Muhaimin Williams appeals from the district court's judgment and

challenges the 50-month term of supervised release and two special conditions

imposed upon his second revocation of supervised release.   We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Williams argues that the district court procedurally erred in imposing the 50-month term of supervised release and that the term is unreasonable. We disagree. The record reflects that the district court considered Williams's arguments and adequately explained its determination that a 50-month term of supervised release was necessary. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Moreover, the record reflects that the district court considered only proper sentencing factors, including Williams's repeated failure to comply with the terms of release and the need to protect the public. *See* 18 U.S.C. § 3583(e). Finally, the term of supervised release is substantively reasonable in light of the sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Williams next challenges the special conditions of supervised release requiring him to (1) participate in mental health treatment, as directed by probation, and (2) submit to warrantless searches upon reasonable suspicion of unlawful conduct. Contrary to Williams's arguments, the district court's reasons for imposing each of these conditions are apparent from the record. *See United States v. Daniels,* 541 F.3d 915, 924 (9th Cir. 2008). Moreover, because the conditions are reasonably related to deterrence and the protection of the public, and

do not involve a greater deprivation of liberty than is reasonably necessary, the district court did not abuse its discretion in imposing them. *See* 18 U.S.C. § 3583(d); *Daniels,* 541 F.3d at 924. Lastly, the warrantless search condition does not violate Williams's Fourth Amendment rights. *See United States v. Dupas*, 419 F.3d 916, 922 (9th Cir. 2005).

We do not consider issues or arguments not raised and argued in the opening brief. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007).

**AFFIRMED.**